**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRUCE WEBB,

      Petitioner,

v.                                                                Case No. 3:26-cv-591-WWB-MCR

MONTGOMERY CORRECTIONAL CENTER,

      Respondent.

_____

**ORDER**

Petitioner Bruce Webb initiated this action by filing a pro se document titled "Petition of Certiorari to Review." (Doc. 1). When he brought this action in March 2026, Petitioner was a pretrial detainee facing charges of aggravated assault and possession of a firearm by a felon in the Fourth Judicial Circuit Court for Duval County. *State v. Webb*, No. 25-CF-59260 (Fla. 4th Jud. Cir. Ct.).[1] In his filing, Petitioner asks the Court to "dismiss" his criminal case or require "the prosecutor to file a *nolle prosequi*." (Doc. 1 at 1). He also seeks "emergency release" from custody. (*Id.*). According to Petitioner, his arrest was "unconstitutional," the State filed a "fraudulent inaccurate charging document," and the state court lacks "subject matter jurisdiction" over his criminal case. (*Id.*).

Because Petitioner was a pretrial detainee when he brought this action, the Court liberally construes his filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this

---

[1] The Court takes judicial notice of Petitioner's state-court docket. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (finding that the district court properly took judicial notice of petitioner's state-court docket).

petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241.").  Nevertheless, for the reasons explained below, this action must be dismissed as moot.

A moot case "is nonjusticiable and Article III courts lack jurisdiction to entertain it." *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1281 (11th Cir. 2004).  "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted).  Thus, if an event occurring after the filing of the lawsuit deprives "the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed."  *Id.* (internal quotation marks and citation omitted).

Here, Petitioner seeks an order dismissing his state charges and releasing him from pretrial detention.  (Doc. 1 at 1).  On July 1, 2026, however, the State *nolle prossed* the charges against Petitioner, and he was released from custody the next day.  *See State v. Webb*, No. 25-CF-59260, Doc. 121 (Fla. 4th Jud. Cir. Ct.); Inmate Search, Jacksonville Sheriff's Office, https://inmatesearch.jaxsheriff.org/InmateSearch (last visited July 9, 2026).  Because Petitioner has received the relief he seeks in this action, his Petition "no longer presents a live controversy" and must be dismissed as moot.  *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (internal quotation marks and citation omitted); *see also Destin v. Florida*, No. 23-10581, 2023 WL 9789470, at *1 (11th Cir. Sept. 5, 2023) ("Claims 2 and 3 [in the § 2241 petition] were premised on the filing of charges in the Battery Case. However, because that case had already been dismissed, [petitioner's] claims were

moot."); *Dorcelus v. State*, No. 1:24-cv-151, 2024 WL 4895745, at *2 (N.D. Fla. Oct. 25, 2024) (finding that "habeas petition" was "moot" because after the case was filed, petitioner "received [his requested] relief through the prosecutor's dismissal of the charges"), *adopted by* 2024 WL 4893305 (N.D. Fla. Nov. 26, 2024).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Petition (Doc. 1) is **DISMISSED without prejudice** as moot.

2.  The Clerk shall enter judgment dismissing this case without prejudice and close the case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 14, 2026.


_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE


TpaP-2

c:
Bruce Webb
Counsel of Record

3